HARRIS, J.,
delivered the opinion of the Court.
The defendants in error brought their action of as-sumpsit in the Circuit Court of Gibson county, against the _ plaintiff in error, upon two bills of exchange.
The plaintiff in error drew the bills upon Northway, Buchanan & Co., by which they were directed to pay to the order of the plaintiffs below, the amount specified, at the Branch of the Bank of Tennessee, at Trenton.
The two first counts in the declaration, after correctly describing the bills, aver, that at maturity they were presented at the Branch of the Bank of Tennessee, at Trenton, and were regularly protested for nonpayment, having been previously accepted by the drawees, of which the defendant, James A. Harwood, the drawer, had due and legal notice. There are two additional counts in which the want of notice is sought to be excused, by averring that at the maturity of the bills, “the drawer or acceptor had no effects or funds, nor any reasonable expectation of funds at said Branch Bank, to pay said bills,” and that the defendant had “sustained no damage by reason of the non-payment of said bills, and by not having notice of said non-payment.”
To these two last counts the defendant demurred; *377 the demurrer was overruled by the Court, and be pleaded non-assumpsit to the whole declaration.
On the trial, the plaintiffs read to the jury the bills, and the notarial certificate of protest, and notice to the defendant. They also read an article of agreement between Buchanan, of the firm of Northway, Buchanan & Co., the drawees, and the firm of Harwood & Brothers, as follows, to wit: “ Whereas, Harwood & Brothers
have sold their stock of goods at Eaton, to Northway, Buchanan & Co. And whereas, W. S. Buchanan, one of said firm, has not paid any part of the purchase money to Harwood & Brothers. It is hereby agreed that the said WI S. Buchanan shall remain as one of said firm for the term of twelve months, and shall carry on the business of buying and selling goods, wares and merchandise in his name, as one of the firm, and shall give his close and strict attention to the business of the firm; and it is further agreed, that for and in consideration of such services, he shall receive out of the profits of the establishment, three hundred' dollars per annum, and his board and washing; and the balance, of the profits, and one-third part of the capital, shall return to the said Harwood & Brothers, after paying the debts of the establishment.”
The defendant • then introduced W. Gr. Harwood, whose competency as a witness, was objected to by the plaintiffs, on the ground of interest; the objection was overruled, and the witness testified, that since the commencement of this suit, the notary’s certificate of protest has been altered by striking out the word “sent,” and substituting the word “served,” so as to fix evidence of notice of protest on the defendant.
*378 There was other' evidence pro and eon, which it is deemed unnecessary to notice. The Court charged the jury “that the plaintiffs had shown no notice of protest, &c., given to defendant, and that the evidence did not show any waiver of notice by defendant, if he had been entitled to it, but that by the contract between Buchanan and Harwood & Brothers, the latter were constituted partners in that firm, therefore, the defendant was not entitled to notice.”
There were verdict and judgment for plaintiffs, the Court refused a new trial, and the defendant appealed.
We think the Court erred in overruling the defendants demurrer to the two last counts in the declaration; they aver, as an excuse for non-presentment of said bills for payment, and not giving notice “that said drawer or acceptor had no effects or funds nor any reasonable expectation of funds, at said Branch Bank, and sustained no' damage by reason of non-presentment and want of notice.” This averment is not sufficient to excuse notice; for any thing that appears to the contrary, the defendant may have drawn this bill for the accommodation of the acceptor; or he may have had funds, or reasonable expectation of funds, in the hands of the acceptor, who had neglected to place them in proper time, at the place of payment; in either event, he would be entitled to strict notice, so as to have enabled him at once to protect his interest, by looking after the fund in the latter case, and taking steps to secure himself from the acceptor in the former. The averment that the defendant had “ sustained no damage by reason of non-presentment and want of notice,” is a mere legal conclusion, and sets forth *379 no sufficient facts upon which it can rest. See Chitty on Bills, 435-6. To excuse notice, the averment1 should have been, that he had, at the maturity of the hills, no funds, or reasonable expectation of funds, in the hands of the drawee.
This being so, then, on the two first counts, which aver, “ due and legal notice,” as the proof failed to show such notice, the recovery was wholly unauthorized. The fact, however, as to the notice, should have been with proper instructions, submitted to the jury. There are, as we think, two valid objections to excusing the want of notice on the assumed ground that the defendant was a partner in the firm of Northway, Buchanan & Co., the acceptors: First, the declaration avers no such excuse, which was necessary to notify the party that he might prepare his defense; and in the second place, we do not think the article of agreement relied on for that purpose, constitutes him a partner of that firm. It was a mere means, on the part of Harwood & Brothers, to secure themselves for the amount Buchanan was indebted to them for the goods he had purchased from them, and failed to pay for.
We, therefore, think the Court erred on- this point, in his instructions to the jury.
We see nothing in-the record to render W. Gr. Har-wood incompetent as a witness.
The judgment must be reversed, 'and the cause remanded for another trial.